352-277239-15

FILED
TARRANT COUNTY
3/9/2015 9:18:07 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| SUE ANN MOORE HAGAN | ' | IN THE DISTRICT COURT |
| Plaintiff, | ' | |
| | ' | |
| vs. | ' | |
| | ' | _____ JUDICIAL DISTRICT |
| FEDERAL INSURANCE COMPANY | ' | |
| Defendants | ' | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff SUE ANN MOORE HAGAN and files this Original Petition complaining of Defendant FEDERAL INSURANCE COMPANY.   For causes of action, Plaintiff would show as follows:

### I.
### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 of Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

a.    Plaintiff SUE ANN MOORE HAGAN is a resident of Tarrant County, Texas.

b.    Defendant FEDERAL INSURANCE COMPANY (FEDERAL) is an insurance company authorized to do business in the State of Texas that may be served through their registered agent, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

### III.
### VENUE

Venue is proper in Tarrant County, Texas, in that the loss made the basis of this action occurred in Tarrant County, Texas, and the Plaintiff/policyholder resided in Tarrant County, Texas at the time of the loss.

EXHIBIT C-1

352-277239-15

## IV.
## JURISDICTION

The subject matter in controversy is within the jurisdictional limits of this court.

## V.
## FACTUAL BACKGROUND

Pleading further, Plaintiff would respectfully show the Court that on or about March 11, 2011 Plaintiff was traveling northbound on Cooper Street in Arlington, Tarrant County, Texas, at all times driving in a reasonably prudent manner and exercising reasonable care for her safety. Sean Cory Genzer (the "Underinsured Driver") was traveling the same street, in the same direction.   Traffic slowed and as Plaintiff came to a stop, she was rear-ended by the Underinsured Driver, and as a result proximately caused the damages claimed herein.

The Underinsured Driver had a duty to exercise the degree of care that a reasonably careful person would.  The occurrence made the basis of this suit, and the resulting injuries and damages were caused by the negligent conduct of the Underinsured Driver including but not limited to the following acts and omissions:

1.  He failed to keep a proper lookout;

2.  He drove his vehicle in willful or wanton disregard for the safety of persons or property;

3.  He was following too closely;

4.  He was operating the motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

5.  He failed to turn the motor vehicle in an effort to avoid the collision complained of; and

6.  He failed to apply the brakes to the motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes in order to avoid the collision in question.

Each of such acts and/or omissions, singularly or in combination with others, constituted

EXHIBIT C-1

352-277239-15

negligence and/or negligence as a matter of law which proximately caused the accident and injuries and damages which Plaintiff suffered.

Prior to and at the time of such collision, the Underinsured Driver had a liability insurance policy with State Farm, policy number 1737-844-43, in the amount of $ 30,000.00, which has been tendered.  Plaintiff was protected against losses relating to bodily injuries resulting from the use, operation, maintenance, and/or ownership of an uninsured and/or under insured motor vehicle by a policy of insurance issued and/or sold by Safeco, policy number Y7439015, with limits of $ 50,028.00, which has been tendered. Plaintiff was also protected against losses relating to bodily injuries resulting from the use, operation, maintenance, and/or ownership of an uninsured and/or under insured motor vehicle by a policy of insurance issued and/or sold by Defendant, policy number 79931941, with limits of $ 2,000,000.00.

Plaintiff recovered policy limits from State Farm and Safeco.

Due to the intensity of her injuries, Plaintiff applied for Underinsured Motorist Benefits pursuant to an insuring contracts issued by Defendant.

## VI.
## BREACH OF CONTRACT

Having determined that SEAN GENZER, was at the time of the occurrence described above, operating an underinsured motor vehicle, as the term is defined in the policy of insurance. Although Plaintiff fully cooperated with Defendant, and despite the fact that all conditions precedent to recovery have occurred, Defendant has failed and refused to pay to Plaintiff the benefits due under the contracts of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

The conduct of Defendant constitutes a breach of contract in the following particulars:

a.       By failing and/or refusing to pay Plaintiff's claim promptly;

EXHIBIT C-1

352-277239-15

b.      By failing and/or refusing to evaluate Plaintiff's claim fairly; and

c.      By breaching the duty of good faith and fair dealing.

Each of these acts constitute a breach of contract entitling Plaintiff to sue in an amount in excess of the minimum jurisdictional limits of this Court. All conditions precedent have been performed or have occurred.

Plaintiff is entitled to recover reasonable attorney's fees because this is a claim on a written contract within the meaning of Texas Civil Practice and Remedies Code Section 38.001.

## VII.
## PETITION FOR DECLARATORY RELIEF

Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant at the time of the accident, Plaintiff seeks a declaratory judgment pursuant to Texas Civil Practice and Remedies Code Chapter 37 that she is entitled to recover from Defendant her damages resulting from the motor vehicle collision the subject of this suit, that those damages fall within the coverage afforded his under the policy with Defendant, and specifying the amount of damages, attorneys' fees, interest, and court costs that Defendant is obligated to pay.

## VIII.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries.  In the event Plaintiff was suffering from any pre-existing conditions, the Underinsured Driver's negligence greatly accelerated, exacerbated, and aggravated the condition.

Specifically, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries and to incur the following damages:

EXHIBIT C-1

352-277239-15

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Mental anguish in the past;

F.   Mental anguish in the future;

G.   Loss of earning capacity in the past;

H.   Loss of earning capacity in the future;

I.   Disfigurement in the past;

J.   Disfigurement in the future;

K.   Physical impairment in the past; and

L.   Physical impairment in the future.

Plaintiff is entitled to all elements of damages recoverable under Texas law including, but not limited to, sums due and owing under the uninsured / under insured motorist provision of the insurance policy, mental anguish, attorney's fees, exemplary damages, costs of court, lawful pre-judgment interest, lawful post-judgment interest, medical care, lost earnings capacity, physical impairment, and disfigurement.  Plaintiff also sues for declaratory relief.  Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court.

### IX.
### ATTORNEY'S FEES

As a result of Defendant's conduct, Plaintiff has been forced to retain an attorney to seek justice in this Court.  Accordingly, Plaintiff is entitled to recover her reasonable and necessary

EXHIBIT C-1

352-277239-15

attorney's fees incurred in this action pursuant to Tex. Civ. Prac. & Rem. Code Ann. 38.001 and Chapter 541 and 542 of the Texas Insurance Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer, and that on final trial Plaintiff have:

1.   Judgment against Defendant, jointly and severally, in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiff's damages;

2.   Prejudgment interest;

3.   Post-judgment interest;

4.   Costs of court;

5.   Attorney's fees; and

6.   All such other relief, at law or in equity, to which Plaintiff may show to be entitled.

Respectfully submitted,
WOODSON LAW FIRM PLLC

/s/ Patrick Woodson
Patrick Woodson
State Bar No. 00786364
4916 Camp Bowie
Fort Worth, Texas 76107
(817) 338-0303 [Tel.]
(817) 698-9401 [Fax]
pwoodson@woodsonlawfirm.com

EXHIBIT C-1